

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-6837
Re: Whether appropriation of
$262,850 to Firemen's
Pension Commissioner for
each year of the biennium
ending August 31, 1947,
is valid.

We acknowledge receipt of your opinion request reading as follows:

"The 45th Legislature (H. B. 258 R. S. 45th Leg.,
Chap. 125, p. 229) in 1937 created the Fireman's
Relief Pension Fund, and provided for revenue for
that fund to come from an occupation tax on fire in-
surance companies - 2 per cent on gross premiums.

"This provision was attacked in the lower
courts and carried to the Court of Civil Appeals,
which court ruled that this tax violated the 'due
process and equal protection provisions of the
State and Federal Constitutions' - (126 S. W. 2d
741).

"The 47th Legislature (H. B. 1011 R. S. 47th
Leg. Chap. 636, p. 1404) appropriated $300,000.00
annually 'out of any funds, not otherwise appro-
priated' as funds for the biennium ending August
31st, 1943 'for the purpose of providing permanent

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. H. Cavness, page 2

funds and revenues for the Firemen's Relief and Retirement Fund'.

"The 49th legislature included the following appropriation for the Firemen's Pension Commissioner in the Departmental Appropriation Bill for the biennium ending August 31st, 1947:

"FIREMEN'S PENSION COMMISSIONER

(Out of Firemen's Relief and Retirement Funds.)

| | For the Years Ending August 31 1946 | For the Years Ending August 31 1947 |
|---|---|---|
| Salaries | $ | $ |
| 1. Commissioner (S) | 3,600.00 | 3,600.00 |
| Maintenance | | |
| 2. Office expense, postage, stationery, office fixtures and supplies | 1,500.00 | 1,500.00 |
| 3. Traveling expenses, contingent expenses, and other necessary help and expenses to be incurred in administration of Firemen's Relief and Retirement Law | 750.00 | 750.00 |
| 4. Apportionment | 257,000.00 | 257,000.00 |
| Grand Total, Firemen's Pension Commissioner | $ 262,850.00 | 262,850.00 |

"We shall appreciate your advising us on the following questions:

"Do the State Comptroller and State Treasurer have the authority to pay the items appropriated to the Firemen's Pension Commissioner by the 49th Legislature for the biennium ending August 31,1947?

"In a manner similar to that followed by the 49th Legislature, the 48th Legislature had appropriated $230,600.00 for each year of the biennium ending August

31, 1945. The State Comptroller and State Treasurer made disbursements from this appropriation in the same manner as they had under appropriation by the 47th Legislature."

Your inquiry raises two very important questions. The first is, whether or not the appropriation of money to be paid to firemen, who are not employees of the State, amounts to a grant of money to an individual which is prohibited by Article III, Sections 44 and 51 of the Texas Constitution. The second is, whether or not an appropriation to the "Fireman's Pension Commissioner (out of Fireman's Relief and Retirement Funds)" may be paid out of the General Revenue Fund. We will discuss the questions in order.

After enactment of the Firemen's Pension and Relief Law in 1937 (Article 6243e, V. A. C. S.), a number of insurance companies attacked in court Section 2 of the act which provided for a two per centum (2%) tax on the gross premiums of fire insurance companies. This tax, which was for the purpose of providing permanent funds and revenues for the Fireman's Relief and Retirement Fund, was held unconstitutional in American Alliance Insurance Company vs. Board of Insurance Commissioners (1939), 126 S. W. (2d) 741, error refused. Thereafter, in 1939, there was introduced in the 47th legislature H. B. No. 46 which was proposed as an amendment to Section 2 of Article 6243e. This bill, which also provided for a two per sentum (2%) tax on the premiums of fire insurance companies, was submitted to this Department by the Speaker of the House of Representatives for an opinion on its constitutionality. In our Opinion No. 0-3468, issued May 19, 1941, we passed on the constitutionality of Article 6243e, as well as H. B. No. 46. In that opinion, we said:

"Article III, Section 51, denies to the Legislature the power to make or authorize 'any grant of public money to any individual, association of individuals, municipal or other corporation whatsoever. ....' Article III, Section 44, provides that no grant of moneys shall be made to any individual except the same shall have been provided for by pre-existing law. While, admittedly, the State might provide a system of pensions and disability benefits for its employees without thereby violating the constitutional provisions (Byrd v. City of Dallas, 118 Tex. 28), it is urged that firemen are not employees of the State, but of the municipalities, and that, therefore, the law makes a grant of public moneys in violation of the above Articles of the Constitution.

Hon. C. H. Cavness, page 4

"For the purposes of this opinion it may be conceded that firemen are not State employees and that the act does not make them such. We do not attempt the decision of that question. Nevertheless, it appears to us that the validity of the law as against such objections to its constitutionality is sustained by the decision of our State Supreme Court in the case of Friedman v. American Surety Company of New York, et al, handed down on April 9, 1941."

The Friedman case is reported in 137 Tex. 149, 151 S.W. (2d) 570. See also Lower Colorado River Authority vs. Chemical Bank & Trust Co., 185 S. W. (2d) 467. We are still of the opinion that the above holding is correct.

H. B. No. 46, however, was not enacted by the 47th Legislature. That Legislature enacted instead H. B. No. 1011 which made an annual appropriation of $300,000 for the biennium ending August 31, 1943, for the purpose of providing permanent funds and revenue for the "Firemen's Relief and Retirement Fund". In our Opinion No. 0-3833, addressed to Honorable George H. Sheppard, Comptroller of Public Accounts, this department held that said appropriation was valid.

For the biennium beginning September 1, 1943, and ending August 31, 1945, the 48th Legislature appropriated $230,600 per annum for the Firemen's Pension Commissioner by making provision therefor in the Departmental Appropriation Bill. General and Special Laws, 48th Legislature, Regular Session (1943), page 928. The 49th Legislature, like the preceding one, included in its Departmental Appropriation Bill an annual appropriation for the "Firemen's Pension Commissioner (out of Firemen's Relief and Pension Funds)". It increased the appropriation to $262,850.00 annually but used the almost identical language as had been used by the preceding Legislature. At the time both appropriation bills were passed, the Firemen's Relief and Pension Fund contained only the unexpended balance of moneys previously appropriated. Its continued existence as a Special Fund was dependent in each instance on the validity of the current appropriation contained in the Departmental Bill. No question was raised as to appropriations made by the 48th Legislature and these funds have been expended. You now inquire whether the current appropriation should be paid,

We are definitely of the opinion that Article 6243e, V. A. C. S., is sufficient as a pre-existing law within the meaning of Section 44, Article III of the Texas Constitution. This is implicit in our Opinion No. 0-3633, which upholds the validity of the annual appropriation of $300,000 which was made for this same purpose by the 47th Legislature in H. B. No.1011. Article 6243e provides for a comprehensive State plan for a Firemen's Pension System. The only part of the act which has been invalidated is that part of Section 2 which levies a two per centum (2%) tax on the gross premiums of fire insurance companies. Section 10 of Article 6243e provides for contribution by participants in such Firemen's Relief and Retirement Fund of not less than 1% nor more than 3% of his salary, to be determined by a vote of the Fire Department of which such person is a member, and to be deducted from his salary or compensation if he is a wholly paid or part paid fireman whose salary or compensation is more than fifty dollars per month and if he is a part paid fireman whose salary is less than fifty dollars per month or a volunteer fireman he shall pay not less than $3.00 nor more than $5.00 per annum, the exact amount to be determined by a vote of the fire department of which such person is a member. Also, the 49th Legislature amended Section 6 of the act to provide that "eligible and qualified firemen who shall have completed 20 years of service before reaching the age of fifty-five" shall be entitled to retirement benefits under the act when reaching the age of fifty-five, even though he shall not have been engaged in active service as a fireman at said time. Section 6, Article 6243e, V. A. C. S. The act itself recognizes the obligation of the State to raise funds for Firemen's Pensions and to provide for their administration. This is its primary objective. The particular means by which the funds are to be raised, whether by a special tax or by appropriation out of the general revenue fund, is a secondary consideration. Even if the Firemen's Pension and Retirement Fund is raised by a special tax, the moneys accruing to the fund would have to be appropriated every two years. See our Opinion No. 0-700. The appropriation in either case would be in connection with and based upon Article 6243e as the "pre-existing law."

Article 6243e is not itself an appropriation act. Pickle vs. Finlay, 91 Tex. 484, 44 S. W. 480. Section 19 of the act creates the office of Firemen's Pension Commissioner and fixes his salary at $3,600.00 a year "to be paid by voucher of the State Treasurer from said Firemen's Relief and Retirement Fund". Section 6 of Article III of our Constitution, however, provides that no appropriation of money shall be made for a longer term than two years.

To hold that Section 19 is an "appropriation" for the current biennium would be tantamount to declaring it unconstitutional, because it was enacted more than two years ago. "It is a well-settled rule in the construction of statutes that if an act of the Legislature be capable of two constructions, one of which conflicts with the constitution, and the other of which does not, the latter must prevail." Pickle vs. Finley above.

The ultimate question, therefore, involves the construction of that portion of the current appropriation bill quoted in your letter. Section 1 of the current Departmental Appropriation Bill is as follows:

"That the several sums of money herein specified or so much thereof as may be necessary, are hereby appropriated out of any moneys in the State Treasury not otherwise appropriated, or out of special funds as may be shown, for the support and maintenance of the several departments and agencies of the State Government for the two year period beginning September 1, 1945, and ending August 31, 1947."

The ordinary rules of statutory construction are applicable to appropriation bills. In Pickle vs. Finley, 44 S. W. 480, the Supreme Court, in construing an appropriation bill, said:

"It is also true that no specific words are necessary in order to make an appropriation; and it may be conceded, as contended, that an appropriation may be made by implication when the language employed leads to the belief that such was the intent of the Legislature."

The legislative history of the Firemen's Pension and Relief Law, including the amendment of Section 6 thereof by the 49th Legislature, throws light on the question of legislative intention as evidenced by the appropriation bill. The 49th Legislature was presumed to know that Section 2 of the Act had been declared unconstitutional and that there was no longer any special taxes to provide permanent funds and revenues for the Firemen's Relief and Retirement Fund. The 48th Legislature was presumed to have known this when it made an appropriation in its Departmental Appropriation Bill for this purpose and since the funds thus appropriated were paid without question, the 49th Legislature had no reason to make any change in the method of appropriating funds for the Firemen's Relief and Retirement

Fund. The language "out of Firemen's Relief and Retirement Funds" as used in the current appropriation bill must be construed to mean that the funds are appropriated out of the General Revenue Fund to the Firemen's Relief and Retirement Fund and paid out of said special fund by voucher of the State Treasurer as directed in said appropriation bill and in Article 6243e. To hold otherwise would be to credit the Legislature with doing a vain and foolish thing, for it is presumed to have known that there were no moneys in the Firemen's Relief and Retirement Fund, except such as had been previously appropriated for the biennium ending August 31, 1945. The construction should be adopted which gives effect to the law, rather than a construction which nullifies the law or leads to absurdity. 39 Tex. Jur. 222.

We accordingly advise you that in our opinion the appropriation to Firemen's Pension Commissioner contained in the current appropriation bill for the biennium ending August 31, 1947, is valid and should be paid by the State Comptroller and State Treasurer.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*

Fagan Dickson
Assistant

FD:rt

APPROVED OCT 11, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE